**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-1426**

—————————

MAMIE HANSLEY,

              Plaintiff − Appellant,

        v.

LOUIS DEJOY, in his official capacity as Postmaster General, U.S. Postal Service,
Agency,

              Defendant – Appellee.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at
Wilmington.  Louise W. Flanagan, District Judge.  (7:20–cv–00252–FL)

—————————

Submitted:  October 18, 2024                    Decided:  December 3, 2024

—————————

Before DIAZ, Chief Judge, and RICHARDSON and HEYTENS, Circuit Judges.

—————————

Dismissed and remanded by unpublished opinion.  Chief Judge Diaz wrote the opinion, in
which Judge Richardson and Judge Heytens joined.

—————————

**ON BRIEF:**  James E. Hairston, Jr., Raleigh, North Carolina, for Appellant.  Michael F.
Easley, Jr., United States Attorney, Sharon C. Wilson, Assistant United States Attorney,
Jonathan Silberman, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Chief Judge:

Mamie Hansley sued the United States Postal Service over alleged Title VII violations at the post office where she worked. The district court entered judgment on the pleadings for the government, and Hansley appeals. But the court never addressed one of Hansley's claims. Accordingly, its order isn't final, and we must dismiss for lack of jurisdiction. 28 U.S.C. § 1291.

Hansley's complaint pleaded, in substance, three claims. The first alleged disparate treatment because of race; the second, a race-based hostile work environment; and the third, unlawful retaliation. 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). The government filed an answer and, on the last day of discovery, moved for judgment on the pleadings.

The district court held that Hansley had failed to state a claim and entered judgment for the government. *Hansley v. DeJoy*, No. 20-cv-252, 2023 WL 2541701, at *7 (E.D.N.C. Mar. 16, 2023).

First, the court dispatched with Hansley's hostile work environment claim. In the district court's view, Hansley pleaded no facts tying multiple unpleasant workplace incidents to her race or a protected activity. And it concluded that none of the incidents that Hansley pleaded "involving a comparison to white employees, together or in combination with the other alleged incidents," added up to an environment "sufficiently severe or pervasive to alter the conditions of . . . employment" and therefore state a hostile work environment claim. *Id.* at *5.

Next, the district court found that Hansley hadn't stated a retaliation claim. It noted that Hansley didn't allege in her complaint or argue in her brief what constituted either her

2

protected activity or her superiors' retaliatory actions. *Id.* at *6. But the court identified as potentially retaliatory (i) the hostile work environment Hansley said she suffered; (ii) a new, unwanted work schedule to which Hansley had been assigned; and (iii) a Letter of Discipline that a supervisor had issued to Hansley. *Id.*

The district court repeated that Hansley had plausibly alleged neither a hostile work environment nor facts to show that the work schedule and the Letter of Discipline were materially adverse actions. *Id.* It therefore found that Hansley's retaliation claim failed, too.

Having disposed of Hansley's two main claims, the district court granted the government's motion and entered final judgment against Hansley. *Id.* at *7; J.A. 6–7. But despite acknowledging Hansley's disparate treatment claim, the court never addressed it. Still, Hansley appealed.

Because the district court never resolved Hansley's disparate treatment claim, we lack jurisdiction. Congress has given us the power to review only "final decisions." 28 U.S.C. § 1291. And a district court's decision isn't final unless it resolves "*all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). When asking if a decision does so, "we look to substance, not form," and we disregard "the label" that the district court appends to the decision. *Id.* "In short, even if a district court believes it has disposed of an entire case, we lack appellate jurisdiction where the court in fact has failed to enter judgment on all claims." *Id.* at 696–97.

To be sure, we apply this rule pragmatically. So long as we can "discern . . . that the [district] court addressed the 'central component'" of each claim, even implicitly, we

3

find a decision final. *Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021). But we nonetheless dismiss appeals as interlocutory when they're taken from decisions that don't substantively "adjudicate all of the claims alleged in [the] complaint." *Conner v. Xfinity*, No. 24-1145, 2024 WL 2768349, at *1 (4th Cir. May 30, 2024).

The parties agree that the district court didn't resolve Hansley's disparate treatment claim. But the government asserts that Hansley's "disparate treatment claim properly is addressed under the hostile work environment theory." Appellee's Br. at 30. Yet the court didn't construe the complaint in that way. Instead, it mentioned the disparate treatment claim but didn't analyze it. *Hansley*, 2023 WL 2541701, at *1, *4–7.

The district court also didn't rule on Hansley's disparate treatment claim implicitly, as we concluded the court in *Hixson* did. The court found that some actions that Hansley pleaded "may give rise to an inference of conduct on account of race," but it concluded that none of those actions, "together or in combination," was "sufficiently severe or pervasive to meet the high bar of a hostile work environment claim." *Hansley*, 2023 WL 2541701, at *5 (cleaned up).

But a conclusion like that can't resolve a disparate treatment claim. Employment actions don't need to be severe or pervasive to be actionable as disparate treatment—they need only affect "an identifiable term or condition of employment." *Muldrow v. City of St. Louis*, 601 U.S. 346, 354–55 (2024). Indeed, hostile work environment claims must satisfy the "severe or pervasive" requirement precisely to distinguish harassment that "alter[s] the conditions of the victim's employment" from harassment that doesn't. *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986) (cleaned up). The district court never explained whether

any act alleged in the complaint affected Hansley's terms or conditions of employment, so it didn't pass judgment on Hansley's disparate impact theory.

Perhaps the district court meant to rule on disparate treatment by holding that Hansley hadn't alleged an adverse employment action for retaliation purposes. *Hansley*, 2023 WL 2541701, at *5–6. The cases that it cited paint the "adverse employment action" element of "discrimination and retaliation claims" as identical. *Adams v. Anne Arundel Cnty. Pub. Schs.*, 789 F.3d 422, 430 (4th Cir. 2015), *cited by Hansley*, 2023 WL 2541701, at *6. But even if the district court tried to kill two birds with one stone, the rule that it cited no longer applies.

This year, *Muldrow* refused to "import" retaliation's "significant-harm requirement" into disparate-treatment cases. 601 U.S. at 357. To the extent that *Adams* and similar cases state otherwise, they are no longer good law.

\*      \*      \*

The district court entered final judgment against Hansley. But "the label attached to a district court order does not end our inquiry into finality." *Porter*, 803 F.3d at 696. Because the court left one of Hansley's claims undecided, its decision wasn't final, and we can't review it. Instead, we must dismiss the appeal and remand.

5

On remand, the district court should rule on Hansley's disparate treatment claim. In doing so, the court should consider *Muldrow*'s effect on our caselaw.[*]

*DISMISSED AND REMANDED*

---

[*] We grant the government's pending motion for leave to file a supplemental appendix. And we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in our decision.